## SUCCESSION OF JUSTIN PETIT.

In contestations concerning the administration of successions, the Code gives the prefenence to creditors over those who are not. Art. 1089, 1114.

A special agent or attorney in fact of a creditor is not entitled to a preference over strangers.

APPEAL from the District Court of East Baton Rouge, *Robertson,* J. *Burk,* for *Lafon,* appellant. *Sherborne,* for *Guzman.*

VOORHIES, J. This is a contest between two applicants for the administratorship of the succession of *Justin Petit,* deceased. On the 28th of September, 1853,

*Raymond Lafon* filed his petition praying for the appointment. The usual order for public notice thereof, was granted by the Clerk of the Court. On the 3d of October following, a similar application was also filed by *Gabriel Guzman*. Neither of the applicants alleged himself to be a creditor of the succession. On the 7th of the same month *Guzman* filed an application in which he claimed the preference over his competitor on the ground of his being a creditor of the succession. On the same day, *Lafon* filed a supplemental petition, setting forth the nature of his demand as a creditor, founded on *J. Petit's* written acknowledgement of indebtedness to *Doussau* in the sum of $800, and by the latter transferred to him on the 6th of October, 1853. Six days after, *Guzman* filed two notes signed by the deceased, payable to the order of *P. Langlumé* and endorsed as follows, to wit: "Par procuration de *P. Langlumé, G. Guzman.*" Thus it is obvious that *Guzman* held the notes as agent, and not as endorsee. On this state of facts *Guzman* was appointed administrator of the succession, and *Lafon* has appealed.

We think the District Court erred. It is shown that *Lafon* was a creditor under the alleged transfer from *Doussau*, the verity of which does not appear to have been impugned. In contestations concerning the administration of successions, our Code, Arts. 1039, 1114, gives the preference to creditors over those who are not. A special agent, or attorney in fact, of one or more creditors, is not entitled to a preference over strangers. Even on the hypothesis that *Lafon's* claim as a creditor was unfounded, still, as the first applicant, he was clearly entitled to the appointment; the opposition of the other could only be sustained on the ground of his having a better right.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, and that this case be remanded for further proceedings according to law, with instructions to the Judge *a quo* to proceed to the appointment of *Ragmond Lafon* as administrator of the succession of *Justin Petit*, deceased, as the law directs; and it is further decreed that the appellee, *Gabriel Guzman*, pay the costs of his opposition in both courts.